GULF, C. & S. F. RY. CO. v. PRICE et al.
(No. 542.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 14, 1920. Rehearing Denied March 3, 1920.)

1. DAMAGES ⬤112 — MEASURE OF DAMAGES FOR FIRING GRASS IS ITS MARKET VALUE.

The true measure of damages for the burning of grass is its reasonable market value at time of its destruction, but, if the grass has no market value at that point, the owner's measure of recovery would be the reasonable value of the grass to him, considering the use to which he was putting it.

2. DAMAGES ⬤163(4)—BURDEN OF PROVING VALUE OF GRASS DESTROYED BY FIRE ON PLAINTIFF.

An owner whose grass which had been fired by train has the burden of proving the value of grass destroyed.

3. DAMAGES ⬤188(2) — TESTIMONY THAT GRASS BURNED WAS WORTH $2.50 AN ACRE HELD INSUFFICIENT TO SUSTAIN JUDGMENT.

Testimony that witness was familiar with and knew the kind of grass that generally grew on the land of plaintiff that was burned, and that it was worth from $2.50 to $3 per acre for grazing stock, but had no market value when taken alone, is insufficient evidence of value to sustain a judgment in favor of the landowner not disclosing the value of the herbage to the landowner.

Appeal from Montgomery County Court; A. W. Morris, Jr., Judge.

Action by M. L. Price against the Gulf, Colorado & Santa Fé Railway Company, continued by the heirs of plaintiff, after his death. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, and W. N. Foster, of Conroe, and O. B. Wigley, of Galveston, for appellant.

F. McDonald, of Montgomery, for appellees.

HIGHTOWER, C. J. This was a suit filed by M. L. Price against appellant, Gulf, Colorado & Santa Fé Railway Company, in the county court of Montgomery county, in which plaintiff alleged, substantially, that appellant had negligently set fire to and burned grass growing upon 127 acres of plaintiff's land, and damages were claimed in the sum of $254. Thereafter the plaintiff, M. L. Price, died, and his heirs made themselves parties in his stead, and by amended petition alleged that there were 162 acres of grass burned over, and prayed damages in the sum of $324. Defendant's answer consisted, substantially, of a general demurrer, several special exceptions, none of which it is necessary to mention here, and also denied generally plaintiffs' allegations, and interposed other pleas unnecessary here to mention.

Trial was had before the court without a jury, and resulted in a judgment in favor of appellees for $324, the full amount sued for. Notice of appeal was timely given, and the appeal perfected, and the cause is now properly before this court on two assignments of error.

[1-3] The first assignment of error complains, substantially, that the judgment in favor of appellees cannot be sustained, for the reason that there was no proof showing the value of appellees' grass at the time of

its destruction, and that therefore the judgment is without sufficient basis in the evidence.

Upon examination and consideration of the evidence bearing upon this assignment, as shown by the record, we have concluded that this assignment must be sustained. The only evidence found in the entire record that touches the value of the grass alleged to have been destroyed was that of the plaintiffs' witness E. B. Stewart, and we here set out his testimony on this point, as follows:

"Yes; I am familiar with the M. L. Price place about three miles west of the town of Montgomery, and have known it for many years. I am a farmer and have done a good deal of surveying, and I suppose I may be considered a good surveyor, as no complaints have been made about the accuracy of my work. I am —— years of age, and have lived in Montgomery county practically all of my life.

"I was familiar with and knew the kind of grass that generally grew on the land of M. L. Price that was burned over. It was worth $2.50 to $3 per acre for grazing purposes for stock. It had no market value."

Thus it will be seen that the witness Stewart did not testify that he knew the kind, quantity, or quality of grass that was on the land in question at the time of its destruction by fire on November 17, 1916, nor does he testify that he had ever seen such grass during any time that year. The very most that can be said of his evidence is that he knew that the character and quantity of grass that generally grew upon the Price land was worth for grazing purposes from $2.50 to $3 per acre. It might be conceded that every word the witness said was true as to the kind of grass and its value that generally or usually grew upon the Price land, and yet this would not meet the requirement of the law in order to warrant a judgment in favor of the appellees in this case. The true and legal measure of damages for the burning of grass is its reasonable market value at the time of its destruction, but, if the grass had no market value, then the owner's measure of recovery would be the reasonable value of the grass to the owner, at the time of its destruction, considering the use to which he was putting it or intended to put it, and the burden of showing either of such values rested upon the plaintiff in this case. The witness Stewart did testify that there was no market value for the grass, and did also testify that good grazing grass was worth, for use as a pasture in the winter time, from $2.50 to $3 per acre, but the point is, he did not testify what kind, character, or quantity of grass was growing on plaintiffs' land in question at the time of its alleged destruction, nor does he testify to any fact in that connection from which it could be concluded with reasonable certainty that the grass that was destroyed on the 17th of November, 1916, was worth at that time for pasture purposes from $2.50 to $3 per acre, or any other amount. This testimony clearly, we think, was insufficient to warrant the trial court in finding that the grass in question had any particular value at the time of its destruction on November 17, 1916.

The court could not be properly permitted to merely speculate or surmise as to the value of this grass at that time, but would be bound to base his judgment upon evidence reasonably sufficient and certain on that point. It appears from the record before us that there were members of the Price family by whom it might have been shown what the character, kind, and quantity of this grass was at the time of its destruction, and evidently the failure to make this proof was an oversight, but this court has no alternative other than to sustain this assignment, and reverse the judgment and remand the cause for a new trial.

This conclusion renders consideration of the second assignment unnecessary, and the matters complained of will perhaps be remedied on another trial.

The judgment of the trial court is reversed, and the cause remanded.