### GULF, C. & S. F. RY. CO. v. PRICE.
### (No. 737.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 21, 1921. Rehearing Denied Jan. 11, 1922.)

**1. Appeal and error ☞742(4)—Assignment to which proposition is not germane not considered.**

Where assignment of error complained of the admission of certain testimony, and the proposition thereunder related to burden of proof, the assignment will not be considered; the proposition not being germane to the assignment.

**2. Appeal and error ☞931(6)—Presumed that trial court disregarded inadmissible evidence.**

In action tried by the court without a jury, the admission of testimony as to value of grass destroyed, if inadmissible, was harmless in view of other evidence as to such value; it being presumed that the trial court disregarded the inadmissible evidence.

**3. Railroads ☞465—Injury by spread of fire negligently started actionable.**

If trainmen were negligent in setting fire on railroad's right of way, and such negligence was the proximate cause of the destruction of plaintiff's grass, the railroad could not escape liability by showing that trainmen did all that could have been done to prevent the spread of the fire after it was set out.

**4. Estoppel ☞110—Must be pleaded when asserted as defense.**

In action against railroad for destruction of plaintiff's grass by fire set by locomotive, the railroad could not escape liability on the ground that plaintiff was estopped from claiming damages without having pleaded such estoppel.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Montgomery County Court; W. H. Lee, Judge.

Action by M. L. Price against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and W. N. Foster, of Conroe, for appellant.

F. McDonald, of Montgomery, for appellee.

HIGHTOWER, C. J. This is the second appeal of this case to this court. The nature of the action appears in the opinion of this court, which is reported in 219 S. W. 518. On the trial from which the present appeal comes, which was a trial before the court without a jury, the appellee had judgment against appellant for $324, with interest from the date of judgment at the legal rate. The railroad company has again appealed.

The first assignment of error is:

"The court erred in overruling defendant's objections to the testimony of the witness .E. B. Stewart, wherein said witness testified, in substance, that the grass burned on plaintiff's land at the time of the burning was worth $3 per acre, because said evidence, in the light of further testimony of said witness, was irrelevant and immaterial, and too remote."

The proposition under the assignment is:

"Plaintiff has the burden, in a suit for damages for the destruction of his property, to show the value of the property destroyed, and, until such burden has been met, no judgment can properly be rendered therefor."

[1, 2] It is apparent at a glance that the proposition is in no sense germane to the assignment. The assignment should not, therefore, be considered. If, however, it were otherwise, the admission of the testimony of the witness Stewart would not have the effect to work a reversal, the case having been tried before the court without a jury, and it being presumed that the trial judge disregarded Stewart's evidence, if it was improper to admit it, and in this connection it may further be said that the value of the grass destroyed for pasture purposes, for which it was intended to be used by the appellee, was sufficiently proved by the testimony of the witness M. G. Price. It was shown by all testimony in the case on that point that the grass, at the time of its destruction, had no fixed market value, but that it was growing upon the farm of the appellee, about the 17th day of November, 1916, and that it was the purpose and intention of appellee to use this grass for pasture purposes for stock during that fall and winter, and that for such purposes it was worth to appellee as much as $3 per acre. We held on the former appeal of this case that, where there was no market value for the grass destroyed, its value to the owner, taking into consideration the purposes for which he was using it, would be the measure of damages for its destruction. 219 S. W. 518.

By the second assignment of error it is contended that no negligence on the part of appellant was shown. The proposition under the assignment is:

"A railroad company is not liable for damages resulting from fire used in burning off its right of way escaping therefrom, unless the fire escaped because of its negligence."

Appellee's petition charged that appellant was guilty of negligence in three particulars, substantially as follows:

(a) Negligence in allowing grass, weeds, and other combustible matter to grow, be, and accummulate on its track and right of way through appellee's inclosed land.

(b) Negligence in allowing its servants, agents, and employes to set fire to said grass, weeds, and other combustible matter.

(c) Negligence in permittting fire to escape from its track and right of way and set and communicate fire to the grass then being on appellee's inclosed land.

[3] If appellant's servants were guilty of negligence in setting out the fire on its right of way at the time they did so, and such negligence was the proximate cause of the destruction of appellee's grass, the appellant could not escape liability, even if it be shown that its servants did all that could have been done to prevent the spread of the fire after it was so set out. It is not required that we should state the evidence in detail found in the record on this point, but we have carefully read over and considered same, and have concluded that it was clearly sufficient to warrant a finding by the trial judge, before whom the case was tried without a jury, that the fire which destroyed appellee's grass was purposely set out by appellant's servants, with the intention of burning off its right of way, and that at the time it was so set out a strong north wind was blowing, and that it was negligence on the part of such servants to set out the fire under such circumstances, and that such negligence was the proximate cause of the destruction of appellee's grass. The assignment is overruled.

By the fourth assignment, substantially the same complaint is made as by the second, and it is overruled for the same reason.

[4] If we understand appellant's contention under the third assignment, it is, substantially, that appellee is estopped to claim damages against appellant for the destruction of the grass. We dispose of this contention by saying: First, that there was no such plea interposed by appellant; and, second, if there had been such plea, the evidence was not such as to compel a finding by the trial court that the plea was sustained. Such assignment is therefore overruled.

This disposes, in effect, of all complaints made by appellant in this court, and, finding no reversible error, the judgment of the trial court is in all things affirmed.